# NO. 07-13-00130-CV

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
4/8/2015 6:22:13 PM
VIVIAN LONG
CLERK

**IN THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS AT AMARILLO, TEXAS**

**JACKSON WALKER, L.L.P., M. KEITH BRANYON, JANE O. LINDSEY, INDIVIDUALLY AND AS FORMER TRUSTEE OF THE LESEY B. KINSEL TRUST, AND ROBERT N. OLIVER,**
*Appellants*,

**v.**

**VIRGINIA O. KINSEL, AS EXECUTRIX OF THE ESTATE OF J. FRANK KINSEL, J. FRANK KINSEL, JR., CAROLE K. EDWARDS, AND CATHERINE COLLINS,**
*Appellees*.

*On Appeal from the 153rd Judicial District Court of Tarrant County, Texas, Cause No. 153-232668-08, the Honorable Susan McCoy, Presiding*

## JANE O. LINDSEY AND ROBERT N. OLIVER'S REPLY TO THE KINSELS' RESPONSE TO MOTIONS FOR REHEARING

William L. Kirkman
State Bar No. 11518700
Kirkman Law Firm, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

ATTORNEYS FOR APPELLANTS
JANE O. LINDSEY AND
ROBERT N. OLIVER

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.    Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   The Kinsels Are Not Entitled to Money Damages from Movants
      for Lack of Capacity or Undue Influence. . . . . . . . . . . . . . . . . . . . . 2

      A.    Movants's *Brief* Expressly Attacked and Adequately
            Challenged Paragraph 4(f) Contained in the Trial Court's
            Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    Money Damages Are Not Recoverable in Texas for
            Undue Influence or Lack of Mental Capacity. . . . . . . . . . . . . . 4

      C.    The Kinsels Are Not Entitled to Money Damages from
            Movants under the TEXAS DECLARATORY JUDGMENT ACT. . . . 4

      D.    The Kinsels Are Not Entitled to Recover Money Damages
            from Movants for Undue Influence or Lack of Capacity as a
            "Species of Fraud". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      E.    The Kinsels Are Precluded from Recovering Money Damages
            for Undue Influence and Lack of Capacity Because There Was
            No Jury Finding That the Kinsels Were Damaged by Any
            Undue Influence over Lesey Kinsel or Lesey Kinsel's Lack
            of Mental Capacity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  Judgment Should Be Rendered that The Kinsels Are Not Entitled
      to Trial or Appellate Attorneys' Fees. . . . . . . . . . . . . . . . . . . . . . . . 6

A.    The Kinsels Presented "No Evidence" of Their Trial Attorneys' Fees at Trial, So a Remand of Such Is Not Appropriate and Remand of the Kinsels' Trial Attorneys' Fees to Allow Segregation Would Be Futile and Condone False Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B.    The Court's Determination That the Kinsels Are Not Entitled to Appellate Attorneys' Fees Was Correct and Remand of Such Is Inappropriate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.   The Fourth Amendment to Lesey Kinsel's Trust Should Not Have Been Set Aside And Drs. Cole's and Clayton's Testimony Was Inadmissible or Did Not Support Such a Determination.. . . . . . . . . . . 8

A.    Under the Fort Worth Court of Appeals' Decision in *Horton v. Horton*, There Was No Credible Evidence That Lesey Kinsel Had Been Diagnosed with a Condition Affecting Her Capacity That Was Persistent and Likely Present on the Date She Executed the Fourth Amendment to Her Trust on February 23, 2007. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B.    Dr. Cole Should Not Have Been Allowed to Testify Because His Non-Expert Testimony Was Irrelevant and Could Not Have Supported a Finding That Lesey Kinsel Lacked Capacity at Any Time. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

C.    Dr. Clayton Should Not Have Been Allowed to Testify Because Her Testimony Could Not Have Supported, Nor Did it Support, a Finding That Lesey Kinsel Lacked Capacity to Execute the Fourth Amendment on February 23, 2007, or on Any Other Critical Date. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

Page

**CASES:**

*Heat Shrink Innovations, LLC v. Med. Extrusion Technologies-Texas, Inc.*,
   No. 02-12-00512-CV, 2014 WL 5307191 (Tex. App.–Fort Worth
   Oct. 16, 2014) (mem. op.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Horton v. Horton*,
   965 S.W.2d 78 (Tex. App.–Fort Worth 1998, no pet.). . . . . . . . . . . 8, 9

*Metro A, LLC v. Polley*,
   No. 02-09-00025-CV, 2011 WL 4413233 (Tex. App.–Fort Worth
   Sept. 22, 2011, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**RULES AND STATUTES:**

TEX. CIV. PRAC. & REM. CODE § 37.004.. . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. R. APP. P. 38.1(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. R. APP. P. 9.4(i)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. R. APP. P. 9.4(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# NO. 07-13-00130-CV

## IN THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS AT AMARILLO, TEXAS

**JACKSON WALKER, L.L.P., M. KEITH BRANYON, JANE O. LINDSEY, INDIVIDUALLY AND AS FORMER TRUSTEE OF THE LESEY B. KINSEL TRUST, AND ROBERT N. OLIVER,**

*Appellants,*

v.

**VIRGINIA O. KINSEL, AS EXECUTRIX OF THE ESTATE OF J. FRANK KINSEL, J. FRANK KINSEL, JR., CAROLE K. EDWARDS, AND CATHERINE COLLINS,**

*Appellees.*

*On Appeal from the 153rd Judicial District Court of Tarrant County, Texas, Cause No. 153-232668-08, the Honorable Susan McCoy, Presiding*

## JANE O. LINDSEY AND ROBERT N. OLIVER'S REPLY TO THE KINSELS' RESPONSE TO MOTIONS FOR REHEARING

**TO THE HONORABLE COURT OF APPEALS:**

**NOW COME** Jane O. Lindsey, Individually, and as the Former Trustee of the Lesey B. Kinsel Trust, and Robert N. Oliver, two of the Appellants in the captioned matter (collectively "Movants"), and in support of their *Motion for*

1

*Rehearing* ("*MRH*"), file this *Reply* to the Kinsels' *Response to the Motions for Rehearing*, and would respectfully show the Court as follows:

## I.

### INTRODUCTION

The Kinsels have filed a single *Response* to the Appellants' *Motions for Rehearing* in which they inappropriately raise new arguments, discuss previously unmentioned case law, and fail to adequately address the arguments made by Movants in their *MRH*. This *Reply* addresses the points raised in the Kinsels' *Response* applicable to Movants.

## II.

### THE KINSELS ARE NOT ENTITLED TO MONEY DAMAGES FROM MOVANTS FOR LACK OF CAPACITY OR UNDUE INFLUENCE

Paragraph 4(f) of the trial court's judgment awarded the Kinsels the same damages for "undue influence or the lack of capacity of Lesey B. Kinsel" that the jury awarded the Kinsels for fraud and tortious interference with inheritance rights. The Kinsels argue in their *Response* to the Appellants' *Motions for Rehearing* that the Court affirmed that portion of the trial court's judgment. The Kinsels' argument and paragraph 4(f) of the trial court's judgment are incorrect for the four separate reasons set out below.

2

**A.** **Movants's _Brief_ Expressly Attacked and Adequately Challenged Paragraph 4(f) Contained in the Trial Court's Judgment**

In their _Response_, the Kinsels state that the "Court correctly concluded [in footnote 6 of its _Opinion_] that Defendants _did not adequately challenge_ the damages awarded under paragraph 4(f) and thus waived the point." Kinsel _Resp._ 1 (emphasis added). That statement is simply incorrect. The Court did not state or imply that any of the Appellants' challenges in their _Briefs_ to paragraph 4(f) were inadequate. What the Court said in footnote 6 was that none of the Appellants "expressly attacked" paragraph 4(f) of the judgment. _Memo Op._ 43–44, n.6. Movants believe this statement of the Court to be incorrect. _See_ Movants' _MRH_ 2–3. Movants presented a clear and concise argument in their _Brief_ that money damages are not recoverable for undue influence under Texas law, with citations to applicable case law and to the record. Movants' _Br._ 45–46. Movants also cited two critical Texas cases in their _Brief_ which were directly on point and which supported that proposition—one from the Texas Supreme Court and one from this Court—awarding rescission rather than money damages for undue influence. _Id._ Movants therefore satisfied TEX. R. APP. P. 38.1(i) (a brief "must contain a _clear and concise_ argument for the contentions made, with appropriate _citations to authorities and to the record_" (emphasis added)). And,

the Kinsels' reliance on *Metro A, LLC v. Polley* and the other cases they cite are inappposite. *See* Jackson Walker Parties' ("JW's") *Reply* to the Kinsels' *MRH* at p. 4, n.4.

**B.     Money Damages Are Not Recoverable in Texas for Undue Influence or Lack of Mental Capacity**

Undue influence and lack of mental capacity are not actionable torts in Texas. Consequently, there is no right to damages based on such claims. Movants' *Br*. 45–46 and the cases cited in JW's *Reply* to the Kinsels' *MRH* at p. 5. Further, the five cases the Kinsels cite in their *Response*, which they say support their argument, do not; they support Appellants' position that money damages are not recoverable in this instance. JW's *Reply* to the Kinsels' *MRH* at pp. 6–7.

**C.     The Kinsels Are Not Entitled to Money Damages from Movants under the TEXAS DECLARATORY JUDGMENT ACT**

The Kinsels' last-minute attempt to claim they are entitled to damages under § 37.004 of the TEXAS DECLARATORY JUDGMENTS ACT is specious. The TEXAS DECLARATORY JUDGMENTS ACT does not allow for a recovery of monetary damages. Movants adopt the argument of the Jackson Walker Parties on this point in their *Reply* to the Kinsels' *Response* at V A on pp. 9–10.

**D.** **The Kinsels Are Not Entitled to Recover Money Damages from Movants for Undue Influence or Lack of Capacity as a "Species of Fraud"**

The Kinsels contend in their *Response* that damages are recoverable for undue influence because it is a "species of legal fraud." Kinsel *Resp.* at 5. This position is without merit. For the same reasons the Kinsels' damage claim for fraud fails (*Memo. Op.* 11–15), the Kinsels' attempts to seek such damages for undue influence and lack of capacity fail. Movants also adopt the argument of the Jackson Walker Parties in their *Reply* to the Kinsels' *Response* at p. 8 as to this point.

**E.** **The Kinsels Are Precluded from Recovering Money Damages for Undue Influence and Lack of Capacity Because There Was No Jury Finding That the Kinsels Were Damaged by Any Undue Influence over Lesey Kinsel or Lesey Kinsel's Lack of Mental Capacity**

Finally, the Kinsels did not request a damages question for undue influence or lack of capacity. [CR 4985-92]. Thus, even if the Kinsels could somehow recover such damages, the absence of a specific damages finding for undue influence or lack of capacity is fatal to the Kinsels' claim and paragraph 4(f) should be set aside for that reason. *Heat Shrink Innovations, LLC v. Med. Extrusion Technologies-Texas, Inc.*, No. 02-12-00512-CV, 2014 WL 5307191, at *12 (Tex. App.–Fort Worth Oct. 16, 2014) (mem. op.) ("Without a finding on

5

the amount of damages…, METT failed to prove an essential element of its cause of action.").

## III.

### JUDGMENT SHOULD BE RENDERED THAT THE KINSELS ARE NOT ENTITLED TO TRIAL OR APPELLATE ATTORNEYS' FEES

**A.** **The Kinsels Presented "No Evidence" of Their Trial Attorneys' Fees at Trial, So a Remand of Such Is Not Appropriate and Remand of the Kinsels' Trial Attorneys' Fees to Allow Segregation Would Be Futile and Condone False Testimony**

The Kinsels' *Response* to the Movants' *Motion for Rehearing* as to the Kinsels' trial attorneys' fees misses the point made by Movants in their *Motion for Rehearing*. There are two separate and distinct reasons why the Court erroneously remanded the Kinsels' claim for trial attorneys' fees for a new trial.

One, under the recent Supreme Court decisions cited on pp. 16–18 of Movants' *Motion for Rehearing*, the Kinsels' testimony as to their trial attorneys' fees constituted "no evidence" of such. The Kinsels fail to address in their *Response*, the resulting legal proposition Movants cite in their *Motion*. When the party with the burden of proof on an issue (the Kinsels in this case) presents "no evidence" to satisfy that burden, an appellate court does not ordinarily remand the matter to the trial court for a second chance. Movants' *MRH* 20.

6

Two, the Kinsels' *Response* ignores the effect of their attorneys' sworn testimony at trial. The attorneys testified unequivocally that it was "impossible" to segregate their trial attorneys' fees. Movants' *MRH* 19–20. The effect of a remand to allow the Kinsels' attorneys to segregate their trial attorneys' fees is to condone the future untruthful testimony by the Kinsels' lawyers on remand.

**B.     The Court's Determination That the Kinsels Are Not Entitled to Appellate Attorneys' Fees Was Correct and Remand of Such Is Inappropriate**

The Kinsels argue in their *Response* that footnote 5 was not an error, but fail to explain why the Court, in the section following the footnote, denied the Kinsels' claim for appellate attorneys' fees. Further, the Kinsels' footnote 15 on p. 14 of their *Response* supports the Movants' position that attorneys' fees are discretionary under the DECLARATORY JUDGMENT ACT and that the interests of justice do not warrant a second bite at the apple when there is no legal entitlement to that second bite. Movants' *Resp.* 17–18.

**IV.**

**THE FOURTH AMENDMENT TO LESEY KINSEL'S TRUST
SHOULD NOT HAVE BEEN SET ASIDE AND DRS. COLE'S
AND CLAYTON'S TESTIMONY WAS INADMISSIBLE
OR DID NOT SUPPORT SUCH A DETERMINATION**

**A.** **Under the Fort Worth Court of Appeals' Decision in *Horton v. Horton*, There Was No Credible Evidence That Lesey Kinsel Had Been Diagnosed with a Condition Affecting Her Capacity That Was Persistent and Likely Present on the Date She Executed the Fourth Amendment to Her Trust on February 23, 2007**

That portion of the trial court's judgment found at paragraphs 3(a) and 4(e) relative to the Fourth Amendment must be reversed and rendered. It is undisputed that there was no evidence that Lesey Kinsel had "bouts of confusion or dementia" on the day she executed the Fourth Amendment to her Trust—February 23, 2007. Any argument by the Kinsels to the contrary or the adoption by the Court of any such argument to the contrary is simply wrong. In fact, the only evidence on that point was uncontroverted. Lesey Kinsel did not possess any such conditions on that date, but was fully aware of what she was doing. Movants' *Brief* 10–15. Beyond that reality, however, the Kinsels fail to address in their *Response*, the key passage from the Fort Worth Court of Appeals' *Opinion* in *Horton v. Horton*, 965 S.W.2d 78, 86 (Tex. App.–Fort Worth 1998, no pet.), upon which Movants relied in their *Motion for Rehearing*.

8

The Fort Worth Court states in *Horton v. Horton* that evidence of the testator's state of mind on a date other than the date the instrument was executed may be considered in determining capacity "only if it demonstrates that a condition affecting the individual's testamentary capacity was persistent and likely present at the time the will was executed." *Id.* at 85. There is not one shred of evidence in the record, and certainly none cited by the Kinsels in their *Response* or in any of their *Briefs*, that Lesey Kinsel had been diagnosed with dementia or any other mental infirmity or condition that was "persistent and likely present" on the date the Fourth Amendment was executed. In fact, there was no diagnosis contained in any medical record that Lesey Kinsel suffered from dementia at any time. The Kinsels' citation to testimony from Dr. Clayton on pp. 16–17 of their *Brief* does not change that factual reality, whether Dr. Clayton found 500 or a thousand items to tag in Lesey's medical records.

**B.     Dr. Cole Should Not Have Been Allowed to Testify Because His Non-Expert Testimony Was Irrelevant and Could Not Have Supported a Finding That Lesey Kinsel Lacked Capacity at Any Time**

Allowing Dr. Cole to testify was a grievous error the trial court made and Movants adequately demonstrated its devastating effect on them in their *Briefs*. He was not properly designated as an expert. His medical records on Lesey Kinsel do not mention that she had dementia or lacked mental capacity in any

9

manner at any time. Dr. Cole did not even see Lesey Kinsel until well after February 23, 2007—the date the Fourth Amendment was executed. The Kinsels offer no evidence in their *Response* to rebut those uncontroverted facts. Given this factual certainty, the adverse effect of allowing Dr. Cole to testify could not be any more obvious than when the Kinsels' counsel improperly questioned Dr. Cole about his "opinion" of Lesey's "dementia." Then, when that attorney argued to the jury that Dr. Cole had testified that Lesey had dementia when Dr. Cole did not so testify, the harm to Movants of allowing Dr. Cole to testify became irretrievable.

C.     **<u>Dr. Clayton Should Not Have Been Allowed to Testify Because Her Testimony Could Not Have Supported, Nor Did it Support, a Finding That Lesey Kinsel Lacked Capacity to Execute the Fourth Amendment on February 23, 2007, or on Any Other Critical Date</u>**

The only function Dr. Clayton performed was to review Lesey's medical records long after Lesey had died. She did not treat Lesey Kinsel. The medical records Dr. Clayton reviewed contained no diagnosis whatsoever that Lesey had dementia or any medical condition or infirmity affecting her capacity "that was persistent and likely present" on February 23, 2007, or any other of the crucial dates. Accordingly, allowing Dr. Clayton to testify as to Lesey Kinsel's capacity sank Movants' hope that the jury would render a decision based on the evidence.

This point is particularly brought home given this Court's statement in its *Opinion* that expert testimony was not needed to assist the jury in their determination of whether Lesey was incapacitated at any point in time. *Memo Op.* 19.

**WHEREFORE, PREMISES CONSIDERED,** Lindsey and Oliver respectfully pray that the Court deny the Kinsels' *Motion for Rehearing*, grant their own *Motion for Rehearing*, and render judgment accordingly.

Respectfully submitted,

KIRKMAN LAW FIRM, P.L.L.C.

By:/s/*William L. Kirkman*
    WILLIAM L. KIRKMAN
    State Bar No. 11518700
    billk@kirkmanlawfirm.com
    201 Main Street, Suite 1160
    Fort Worth, Texas 76102
    Telephone: (817) 336-2800
    Facsimile:  (817) 877-1863

ATTORNEYS FOR APPELLANTS,
JANE O. LINDSEY AND
ROBERT N. OLIVER

11

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I hereby certify that this *Jane O. Lindsey and Robert N. Oliver's Reply to the Kinsels' Response to Motions for Rehearing* contains 2,069 words, excluding the parts of the *Reply* exempted by TEX. R. APP. P. 9.4(i)(1). This is a computer-generated document created in Corel WordPerfect X5 using a 15-point proportional typeface for text and a 13-point typeface for footnotes. In making this Certificate of Compliance, I am relying on the word count provided by the software used to prepare the document.

/s/*William L. Kirkman*
William L. Kirkman

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, pursuant to the TEXAS RULES OF APPELLATE

PROCEDURE, on April 8, 2015, a true and correct copy of the foregoing was

electronically served concurrent with its electronic filing upon the following:

Mr. Craig T. Enoch
cenoch@enochkever.com
Ms. Amy L. Saberian
asaberian@enochkever.com
Enoch Kever P.L.L.C.
600 Congress Avenue, Suite 2800
Austin, Texas 78701
*Attorneys for Plaintiffs on Appeal*

Messrs. J. Lyndell Kirkley and
  and Sean R. Looney
kirkley@kbblawyers.com
slooney@kbblawyers.com
Kirkley & Berryman, L.L.P.
100 N. Forest Park Blvd., Suite 220
Fort Worth, Texas 76102
*Attorneys for Virginia O. Kinsel,*
*J. Frank Kinsel, Jr., Carole K.*
*Edwards, and Catherine Collins*

Mr. Lindy Jones
ljones@jonesallen.com
Jones, Allen & Fuquay, L.L.P.
8828 Greenville Avenue
Dallas, Texas 76243-7143
*Attorney for J. Frank Kinsel, Jr.*

Messrs. John H. Cayce, Jr.,
  Frank P. Greenhaw, IV,
  and Joe Greenhill
john.cayce@kellyhart.com
pete.greenhaw@kellyhart.com
joe.greenhill@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
*Attorneys for Jackson Walker, L.L.P.*
*and M. Keith Branyon*

Ms. Alison H. Moore
Amoore@thompsoncoe.com
Thompson, Coe, Cousins
  & Irons, L.L.P.
700 North Pearl Street
25th Floor – Plaza of the Americas
Dallas, Texas 75201
*Attorney for Terry S. Whiddon*

Mr. Scott C. Kinsel
skinsel@mac.com
Scott C. Kinsel, P.C.
8708 South Congress, Suite B200
Austin, Texas 78745
*Attorney for Joe Bob Kinsel, Jr.*

13

Ms. Ida Castillo, *Pro Se*
5437 FM 541
McCoy, Texas 78113
<u>VIA FIRST-CLASS MAIL ONLY</u>

Ms. Frances Garza, *Pro Se*
5435 FM 541
McCoy, Texas 78113
<u>VIA FIRST-CLASS MAIL ONLY</u>

<u>/s/*William L. Kirkman*</u>
William L. Kirkman
billk@kirkmanlawfirm.com
(817) 877-1863 (Facsimile)